Dear Representative Strong:
This letter is in response to your questions asking as follows:
 a. Are the records compiled by the investigative staff of the Campaign Finance Review Board `public records' which must be open to the public for inspection?
 b. Are the votes of the members of the Campaign Finance Review Board to refer or not refer a specific case to a prosecuting attorney for legal action, `public votes'?
 c. May the members of the Campaign Finance Review Board hold `closed meetings' and take `closed votes' in deciding whether or not to refer a specific case to a prosecuting attorney for prosecution?
Subsection 5 of § 130.066, RSMo, provides in pertinent part:
 All investigations by the board prior to an election shall be strictly confidential. Revealing any investigation information prior to such an election shall be a violation of this chapter and shall be cause for removal or dismissal of a board member or board employee. Details of all investigations shall be confidential with the exception of notification of the complainant or the person under investigation;
You have also indicated that there is some question as to whether there is a conflict between the above-quoted provisions and the "Sunshine Law", Chapter 610, RSMo. Section 610.015, RSMo, provides:
 Except as provided in section 610.025, and except as otherwise provided by law, all public votes shall be recorded, and if a roll call is taken, as to attribute each `yea' and `nay' vote, or abstinence if not voting, to the name of the individual member of the public governmental body, and all public meetings shall be open to the public and public votes and public records shall be open to the public for inspection and duplication.
Moreover, § 610.025 provides in pertinent part:
 2. Any meeting, record, or vote pertaining to legal actions, causes of action, or litigation involving a public governmental body, . . . may be a closed meeting, closed record, or closed vote.
* * *
 5. Other meetings, records or votes as otherwise provided by law may be a closed meeting, closed record, or closed vote.
The Campaign Finance Review Board is created under § 130.061, RSMo. There is no question that this Board is a public governmental body under Chapter 610, RSMo. Under § 130.066, RSMo, the Board is to report apparent violations of the Campaign Finance Disclosure Law to the "appropriate prosecuting attorney."
It is clear that under the "Sunshine Law" not all meetings, records or votes are open to the public. Further, we believe that the exception relating to legal actions, causes of action and litigation involving a public governmental body is applicable in this instance. Under § 610.025 the public body may decide to hold a closed meeting, closed record or closed vote. However, § 130.066, which we have quoted in part, clearly prohibits the disclosure of any investigation information prior to the election and it seems quite obvious that any vote or record relative to such investigation is also closed prior to the election. We, therefore, conclude that before the election such investigation records are not public records, the Campaign Finance Review Board must hold closed meetings with respect to such investigations, and the votes of the Board with respect to such investigations are closed votes.
The last sentence of § 130.066.5 makes confidential the "[d]etails of all investigations . . ." except for notification of the complainant or the person under investigation. We assume therefore that the legislature intended to make the details of all investigations confidential after the election, as well as before the election. We believe that it follows that meetings of the Campaign Finance Review Board must be closed after the election, as well as before the election. The votes of the Board members may or may not, as the Board desires, be made public after the election because such votes, in our view, come under the provisions of the Sunshine Law relating to legal actions, causes of action and litigation and not under the confidentiality provisions of § 130.066.
Very truly yours,
 JOHN ASHCROFT Attorney General